## United States Bankruptcy Court
### Northern District of Iowa

In re  **Kara D. Barrett**                                                      Case No.
                              Debtor(s)                                         Chapter  **13**

# CHAPTER 13 PLAN

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$330.83** per month for **36** months.

   Total of plan payments: **$11,909.88**

2. <u>Plan Length</u>: This plan is estimated to be for **36** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
      (1) Trustee's Fee:  **9.09**%
      (2) Attorney's Fee (unpaid portion):  **$2,720.00 to be paid through plan in monthly payments**
      (3) Filing Fee (unpaid portion):  **NONE**

   b. Priority Claims under 11 U.S.C. § 507

      (1) Domestic Support Obligations

         (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

         (b) The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

         **-NONE-**

         (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

         | Creditor (Name and Address) | Estimated arrearage claim | Projected monthly arrearage payment |
         |---|---|---|
         | **-NONE-** | | |

         (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

            Claimant and proposed treatment:  **-NONE-**

      (2) Other Priority Claims.

         | Name | Amount of Claim | Interest Rate (If specified) |
         |---|---|---|
         | **-NONE-** | | |

 c. Secured Claims

 (1) Pre-Confirmation Adequate Protection Payments.  Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below.  Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim.  The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-Confirmation Monthly Payment |
|---|---|---|
| **-NONE-** | | |

 (2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

  (a) Secured Claims Subject to Valuation Under § 506.  The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a).  Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full.  Any remaining portion of the allowed claim shall be treated as a general unsecured claim.  Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

  (b) Secured Claims Not Subject to Valuation Under § 506.  Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

 (3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

 d. Unsecured Claims

 (1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| **-NONE-** | | |

 (2) General Nonpriority Unsecured: Other unsecured debts shall be paid **8** cents on the dollar and paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| **-NONE-** | | |

6. The Debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **Bank of America** | **45,236.01** | **477.11** | **4.37%** |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
**NONE.  Payments to be made directly by debtor without wage deduction.**

8. The following executory contracts of the debtor are rejected:

|     | Other Party | Description of Contract or Lease |
|-----|-------------|----------------------------------|
|     | **-NONE-**  |                                  |

9. Property to Be Surrendered to Secured Creditor

|     | Name | Amount of Claim | Description of Property |
|-----|------|-----------------|-------------------------|
|     | **-NONE-** | | |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

|     | Name | Amount of Claim | Description of Property |
|-----|------|-----------------|-------------------------|
|     | **-NONE-** | | |

11. Title to the Debtor's property shall revest in debtor **on confirmation of a plan.**

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:
    **See Addendum for paragraph 13.**


**14. Liquidation Analysis:**

   Liquidation Analysis Total Amount Real Property Personal Property
**Total Property Value 59,953.82 49,530.00 10,423.82**
**Less:**
**Schedule D. Secured Claims 49,530.00 49,530.00 0.00**
**Schedule C. Exemptions 10,423.82 0.00 10,423.82**
 --------------- --------------- ---------------
**Interest in Nonexempt Property 0.00 0.00 0.00**
**Less:**
**Estimated Chapter 7 Admin Expenses 0.00**
**Schedule E. Priority Claims 0.00**
 ---------------
**Available to General Unsecured 0.00**

**Total General Unsecured 48,035.11**
**Percent Distribution 0.00%**

**Details:**
**Unsecured from Schedule D 4,304.11 4,304.11 0.00**
**Unsecured from Schedule E 0.00**
**Unsecured from Schedule F 43,731.00**

Date  **March 13, 2014**                       Signature   **/s/ Kara D. Barrett**
                                                           **Kara D. Barrett**
                                                           Debtor

real estate tax payments and homeowners' insurance premiums (the escrow payments) from payments that are being paid outside the plan.  The arrearage to all secured debt stated in the plan is an estimate.  The claims report, as filed by the Trustee and approved by the court (subject to reconsideration, hearing, and order), shall control.

Date:   3/13/2014                                                            Signature:        */s/ Kara D. Barrett*

Addendum to Chapter 13 Plan of Kara Barrett.

13. Other Provisions

    A. The debtor shall pay all disposable income to the supervision of the Trustee for payment to unsecured creditors.

    B. All secured creditors shall retain their lien, to the extent recognized under nonbankruptcy law, in the event of dismissal or conversion.  All listed secured creditors, other than governmental entities, with an arrearage claim, failing to file a claim with the court for the arrearage prior to the later of the claims deadline or one year from the date of petition filing, waives the default and its claim for the arrearage, and shall treat the arrearage as paid in full, and treat the default as cured, and shall promptly report it accordingly.  Any secured claim that is paid in full and/or partially discharged shall promptly release its lien and turn title to the secured asset over to debtor upon satisfaction of the secured portion of the debt or at the time of discharge, whichever occurs first.  The amount of any monthly payment on any secured debt (including retirement loan repayments) that is paid in full during the plan, which is listed as a monthly deduction or expense on Schedules I and/or J, shall be added to disposable income and paid to the trustee upon payoff of the secured debt.

    C. Debtors shall make direct payment to all secured creditors (not otherwise provided for herein) at the monthly contractual amount under the terms of each respective contract, beginning with the first payment due following the order for relief, prorated to the date of filing.  Interest rates on secured debts (not otherwise provided for herein) shall be paid by debtor through the length of the plan at the contractual rate calculated on the date of filing in accordance to the respective security agreement and shall remain fixed and shall not adjust during these proceedings.

    D. Nondischargeable student loans, and other nonpriority nondischargeable debt shall be paid with unsecured creditors through the plan, and shall not be discharged upon completion of the plan, unless paid in full.  Any other creditor, other than a governmental entity, waiving its right to file a claim hereby waives its claim, and any alleged debt owed to such creditor shall be discharged notwithstanding priority, secured, or nondischargable status. Nothing herein precludes a party in interest from asserting a claim to determine dischargeability of any debt to the court in the form of an adversary proceeding, or alters the provisions of Sections 523 or 1328 of the bankruptcy code.

    E. All lump sum payments proposed herein reflect estimates of tax refunds debtor anticipates receiving, unless otherwise identified herein.  All claim amounts identified by debtors herein are good-faith estimates from the information debtor has upon the date of filing.  The claims report, as filed by the Trustee and approved by the court (subject to reconsideration, hearing, and order), shall control.  Nothing with respect to the amount of any claim scheduled by Debtor shall be construed to modify the rights of any secured creditor, unless otherwise provided for herein. Any disagreement between Debtor and Creditor as to claim amount shall be determined through the claims process.

    F. Debtor is hereby authorized to pay out of tax refunds those expenses necessary to pay for the preparation of the tax returns.  In addition, if the Debtor receives a refund from one taxing authority, Debtor may use that refund to pay those taxes owed to the other taxing authority.  The balance of the tax refund shall be turned over to the Trustee.

    G. Debtors propose to de-accelerate all mortgage loans and cure all mortgage arrearages and reinstate all delinquent mortgages.  Upon completion of the plan and discharge, said mortgage(s) shall be reinstated, and any Iowa District Court proceedings shall be dismissed. The first post-petition mortgage payment shall be tendered on or before the first monthly payment due date following the filing of this Plan (prorated from the date of filing), directly from debtors to mortgage company at the address identified in the Note and/or mortgage, or in accordance to past practice, or to the address of the attorney representing Mortgage company.  The first payment shall be prorated to the number of post-petition days between the date of filing, and the due date of the first payment.  Any dates prior to the filing date shall be included in mortgage company's arrearage claim, if any. Mortgage company's refusal to post or apply the payment shall not be cause for debtor's default of post petition payments.  All payments shall amortize the post petition principal and interest of the mortgage for the month to which the payment corresponds, as though there is no delinquency, without any deduction for pre-petition late charges or other pre-petition arrearages that are being repaid through the plan trustee.  Return of any payment to debtors shall constitute receipt and posting by mortgage company for purposes of post petition  payments, with credit given to debtors in the amount tendered. The mortgage company securing the first mortgage shall pay all